Benjamin F. Anderson, Plaintiff in Error, *v.* William White, Defendant in Error.

ERROR TO MARION.

An agreement to submit a cause upon briefs, to be decided in vacation, order and decree to be entered as of that or the next term, will be construed as a submission of the whole controversy, and not of the submission of a motion to dissolve an injunction.

When parties make a new agreement, revoking an old one, and a horse is paid as a part of the consideration on the new agreement, one of the parties cannot refuse to execute it because the other has not executed a reconveyance of land, no time being fixed for that purpose.   A reasonable time will be allowed for performance, and a tender of the reconveyance was not an indispensable preliminary to the enforcement of the new agreement.   The parties must be restored to their original rights before either can insist upon a rescinding of the new contract.

This bill, which was for general relief and for an injunction, states that White was the owner of lot No. 3, of block 2, Cunningham's Addition to Salem, Marion county, Illinois; that he sold said lot to Anderson, on the 11th of November, 1858, and conveyed it by warranty deed.   States that the consideration for said lot was to be seven hundred dollars, to be

paid as follows : one hundred dollars down, which was paid in cash, and the balance to be paid in equal payments in one and two years, by two promissory notes, which were executed on the day of said sale : one payable in one year, for the sum of three hundred dollars with ten per cent. interest ; the other in two years for the same sum with like interest, to said White.

That said notes were secured by a mortgage on the lot, executed on the day aforesaid and duly recorded. That one of said notes for the sum of three hundred dollars, became due on the 11th of November, 1859, and was not paid. That White brought a suit at law on said note, together with a book account against Anderson, and got judgment at the March term of the Marion Circuit Court, A. D. 1860, for the sum of three hundred and eighty-three dollars and sixty-six cents. That execution was issued on said judgment, and that on or about the 20th of April, 1860, defendant White entered into a new contract with Anderson, by which White agreed to discharge said judgment and return said execution satisfied, and to deliver up to Anderson said note, and cancel said mortgage for three hundred dollars given by Anderson and dated 11th November, 1860. It was agreed by both parties, that the one hundred dollars paid by Anderson to White at the time of sale, should be applied by said White as rent for the use of said lot, at the rate of eight dollars per month.

That White then charged to Anderson's account in said White's book, one hundred dollars, rent for said lot, and gave Anderson credit for that amount received as rent for the lot. That White exercised ownership over said lot, and has since tried to rent it to other persons. That it was further agreed by the parties that Anderson should give White a horse worth one hundred dollars, and pay the costs of the suit, and reconvey the lot to White, in consideration of which, White agreed to satisfy the execution, and deliver up the note and cancel said mortgage note then not due.

That White accepted said horse, and ordered the sheriff in writing, to return the execution satisfied.

That Anderson has paid the costs of the suit at law, and has made a deed to White for the lot and tendered the same to White, and demanded the note, and well and truly performed all his part of the agreement.

That White refused the deed offered him by Anderson, and refused to deliver said note, and without Anderson's consent has repudiated the contract and ordered the sheriff to levy on the goods and chattels of complainant, which the sheriff has done ; that the property levied upon is to be sold at public sale on the 11th day of August, 1860.

Prays that White be made a party to petition, and, waiving oath, that he answer allegations in petition; that White, his attorneys, and agents, and the sheriff Shultz, be enjoined from selling said property; that the property be released; that White be ordered by the court to deliver up the note and mortgage not due, and to accept the deed, and that the execution be returned satisfied; that White be summoned to appear at the August term, 1860, to answer said petition, and that White, and Shultz, and attorney, be enjoined from all further proceedings in said execution; and prays general relief.

Affidavits for and against the injunction were filed.

Admits that he was the owner of the lot and house described in the bill, and that he made a deed to complainant for same on the 11th November, 1858, which was recorded. Admits the consideration and mode of payment as is set forth in the bill, and that the notes and mortgage were made as set forth in bill. Admits that judgment was had on first $300 note, and another note of complainant for medical services. That bill states truly when execution issued on said judgment; that on the 12th of April,1860, defendant and complainant made a new contract by parol. Denies that by said new contract defendant was to discharge said judgment and return said execution satisfied, and deliver to complainant said note and cancel said mortgage for $300 on said 11th November, 1860; and denies that it was agreed that the $100 paid by complainant down, should be applied on rent at the rate of eight dollars per month for said property; and denies that he charged complainant's account on his books $100, rent for said lot, and gave credit for same as received for said rent; and denies that it was agreed at all by defendant that complainant should give defendant one horse worth $100 or $125, and pay the rent of said lot to defendant, in consideration of which defendant agreed to have said execution satisfied, and deliver up said note, and cancel said mortgage, and avers that said contract is untruly stated in said bill.

Alleges that said contract was thus: That if said new contract was complied with by complainant forthwith and without delay, defendant would rescind said original contract; that in consideration that complainant was in possession and had the use of said property from 11th of November, 1858, to 12th April, 1860, the $100 paid down as part of purchase money of said property, should be applied, as far as it went, to rent of said house at $8 per month from date of sale; that said complainant should be considered as tenant from date of new contract, and should continue such tenant. That complainant should pay the costs of said judgment suit, and all

taxes on said house, and should execute a deed of warranty to said property to defendant; that complainant should give defendant a horse worth $100, not $125; that it was distinctly agreed that each and all the terms of said contract should be complied with fully, forthwith and without delay, and that the first contract should remain intact, and said judgment stand as a security till said new contract should be performed fully; that the new contract should be done forthwith, then, and not before then, said defendant was to satisfy said judgment, return said execution satisfied, surrender said note, and cancel said mortgage.

Defendant denies that he made the entry on his book account. That said credit depended on the fulfillment of said contract by complainant. Denies that he has exercised ownership over said property since 11th November, 1858, or that he has offered said lot since said time, for rent. Admits that other parties applied to him to rent, which he refused to act on.

Denies that he made a written order in the terms or to the effect in bill alleged, directed to the sheriff having said execution in his hands. But admits that he gave a written order to sheriff, that when said terms stated by this answer were compiled with, to satisfy said execution, etc.

That he was ready forthwith on his part to perform his part of said contract, and frequently urged said complainant to perform his part of said contract. But avers that it was the essence of the contract that it should be done forthwith, and that he never altered or waived or extended the time or terms of fulfillment. Alleges that said contract was not performed forthwith, or within a reasonable time, and is now unfulfilled on complainant's part.

Denies that said deed was ever tendered to defendant by complainant or any person for him—and denies that said deed was ever made at the time agreed, or said costs paid. Admits that he received a horse worth $100, not $125. Denies that said costs were paid, or that said taxes were paid, or said deed made within a reasonable time, or forthwith.

That more than ninety days elapsed after said contract was made, and that said contract was not performed by complainant; that he ordered a new execution and the old one returned, on the 7th July, 1860. That not until after new execution issued, and ninety days had elapsed, did complainant pay the costs, and have deed made, if it was made, and not until said execution was levied, did the complainant pay said costs; that said deed has never been tendered to defendant, nor did complainant pay said taxes as agreed.

Submits that he had a right to disregard said contract and rely on his said judgment, and says that he had a right to treat said horse as a credit on said execution, and that he is willing to treat said horse as such credit. Denies that payment of said costs was in compliance with the contract; and that said deed had not been made pursuant to contract. Admits the levy of said execution and advertisements for sale, but denies the alleged value of said property levied on.

Alleges that Joseph Shultz, sheriff, is not made a party to said bill, though injunction is prayed as to him.

That the injunction is prayed to continue until the hearing of the case, only; that complainant has made no offer to do equity, and is not entitled to relief. Denies all fraud and combination; denies each and all and every allegation not confessed, and asks to be dismissed with costs.

Whereupon the court made the following order, August 23, 1860. The defendant, by Parrish & Bassett, his solicitors, enters a motion to dissolve the injunction herein, which is set for Thursday next; also on the date aforesaid, 23rd August, 1860, defendant, by his attornies, filed certain affidavits, signed by J. O. Chance, O. W. Baker and H. W. Eagan.

Complainant filed his replication to the answer of White.

On the 30th August, 1860, the following order was made, to wit: This cause is submitted to the judge upon briefs to be decided at chambers in vacation; order and decree may be entered of this or next term as to the court may seem just and equitable; and on the 1st September, 1860, White, by his attorney, submitted a brief on motion to dissolve injunction.

On the 10th November, 1860, the court below made the following order:

With a view that full justice be done to the parties, the court doth decree, that in the first place the complainant, within twenty days, to wit, by the 10th day of November, 1860, tender to defendant a warranty deed, made by himself and wife, of the lot in said bill described—Lot 3, Block 2, in Cunningham's Addition to Salem, to defendant, his heirs and assigns. That complainant, within twenty days, pay to defendant the sum of $36, the residue of his rent of said premises, up to the 15th of April, 1860. That complainant, within said twenty days, deliver to said defendant the possession of said premises, and pay the costs of these proceedings within said time; and on the payment of said $36, and said costs, and said tender of said deed, as aforesaid, and on said surrender of said premises, it is ordered and decreed, that said defendant do surrender the note and mortgage in bill described, and that the judgment therein be satisfied.

---

Anderson *v.* White.

---

But in case of failure of said complainant to perform his part of this decree, specifically, within twenty days from this date, to wit, the 10th November, 1860, it is in that case further decreed that the injunction be dissolved and forever held for nought, and that White have leave to take execution on his judgment, and pursue his remedies in his note and mortgage as if no other contract had been made, provided that the price of the horse ($100) be credited on said *fi. fa.* in case the same sued out in default of said complainant executing said decree.

That said injunction be dissolved without costs to Joseph Shultz, and that complainant pay the costs of this suit, etc. And leave is granted to either party to appeal or prosecute writ of error on entering into bonds of $500, to be approved, etc.

Whereupon White sued out this writ of error, and says the Circuit Court erred in pronouncing a final decree,

1. Because all that was submitted to the court for decision, was a motion for dissolution of the injunction.

2. Because, though answer and replication were filed, no testimony was taken, nor was the cause set for hearing at the then next term.

3. Because it was not set down for final hearing at all, neither by consent, nor by operation of law, so as to have final decree.

4. Because all the court could do in the cause at that stage of submission, was to allow or deny the motion for dissolution of the injunction, and could not decide the merits by plenary decree.

5. Because the equity of the bill was fully denied, and that denial in the answer substantially sustained by the affidavits.

BASSETT, HAYNIE & SMITH, for Plaintiff in Error.

WILLARD & STOKER, for Defendant in Error.

WALKER, J. The first question presented is, whether this cause was submitted on the motion to dissolve the injunction, or upon its merits. The order of submission is this: " This cause is submitted to the judge upon brief, to be decided at chambers in vacation ; order and decree may be entered of this or next term as to the court may seem just and equitable." What was submitted? The cause and not the motion alone. What was to be decided ? The cause as well as the motion. The cause was the suit in all its parts, including the motion

as well as all other questions. The bill had been filed, the answer interposed, and affidavits supporting each, produced, and it was upon this state of facts that the cause was submitted. And whatever may have been the design of the parties, the order of submission will not bear the construction that the motion to dissolve the injunction was alone submitted. There was therefore no error in trying the case on the merits.

But it remains to determine whether the court below erred in the decree which was rendered. When the agreement was made to rescind the contract, reconvey the property and to pay rent by the complainant, satisfy the judgment and cancel the note, by defendant below, a horse was paid as a part of the consideration. It was appropriated on the rent under the new agreement, and not upon the price of the property. As far as it applied it was a part performance of the new agreement, and as no time seems to have been fixed for a reconveyance, each party had a reasonable time within which to perform his part of the contract. And to put the other in default he should have offered to perform on his part. And then to have rescinded he should have refunded what had been received on the agreement.

In this case appellant retained the horse, without an offer to perform or restore it to the appellee. He cannot be permitted to retain.all of the benefits resulting from the contract, and yet repudiate and avoid its performance. Unless he had rescinded the contract, appellee had a right to enforce its specific performance, and appellant having failed to·rescind, he must be held to its performance, unless appellee has been guilty of laches that render it inequitable to insist upon its enforcement.

It is however urged that as appellee failed to make a tender of the deed, and is in default, he cannot have the relief sought. In the case of *Webster* v. *French*, 11 Ill. 254, it was held that a court of chancery is not bound by any fixed rule in relation to the tender of money, in bills, for a specific performance. That the court may order the money to be paid into court when the interest of the parties may require it. As this bill was for the specific performance of an agreement, no reason is perceived why a tender of the deed was essential to the relief sought, especially as the appellant had failed to offer to perform on his part, or to restore the horse and declare the contract rescinded. The evidence seems to rebut the supposition, that the appellant regarded the contract rescinded for the want of the immediate tender of the deed, as he afterwards offered both to sell and to rent the property. He also repeat-

edly declared that it was his, and that the first contract had been rescinded.

On this entire record no error is perceived, and the decree must be affirmed.

*Decree affirmed.*